Filed 11/9/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B296392 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA046170-02) |
| v. | |
| CHRISTOPHER FALCON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge. Affirmed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Appellant Christopher Falcon entered a plea of no contest to second degree murder in violation of Penal Code[1] section 187, subdivision (a), in 2011. Following the enactment of Senate Bill No. 1437 (§ 1170.95), appellant filed a petition seeking resentencing on the theory that he entered a plea of no contest to avoid a conviction of first or second degree murder under the natural and probable consequences doctrine. The trial court denied the petition, finding that appellant failed to make a prima face case. Appellant appeals from the order denying that petition. We affirm the court's order.[2]

I.    *Prima Facie Case*

Appellant contends he made a prima facie showing that he fell within the provisions of section 1170.95 when he filed his form petition, signed under penalty of perjury. In that petition he declared that an information was filed against him which permitted the prosecution to proceed under a theory of felony murder or under the natural and probable consequences doctrine; he pled no contest to second degree murder because he believed he could have been convicted of first or second degree murder

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    On April 20, 2020, we granted respondent's request that we take judicial notice of the joint preliminary hearing transcript for the joint preliminary hearing of appellant and co-defendant Mancera. As we explain in this opinion, a trial court may properly consider the petitioner's preliminary hearing transcript in deciding a petition for resentencing. We now deny appellant's April 16, 2020 motion to strike the portions of respondent's brief that rely on the preliminary hearing transcript.

2

under the felony murder or natural and probable consequences doctrine; and he could not now be convicted of second degree murder due to changes to section 188.

If a petitioner files a facially sufficient petition, as appellant did in this case, the trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this *section."* (§ 1170.95. subd. (c), italics added.)  Several courts have held that after determining the petition is facially sufficient, the trial court should review the record of conviction to determine whether the petitioner is ineligible for relief as a matter of law. (See, e.g. *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.) We adopt the persuasive analyses in these decisions.

Here, the trial court found the record of conviction showed "defendant entered a plea to second degree murder as an aider and abettor to the actual shooter, co-defendant Anthony Mancera.  Co-defendant Mancera subsequently was convicted of first degree murder after trial by jury."

Appellant pled no contest to second degree murder, but stipulated only "to a factual basis pursuant to *People versus Holmes* based upon count one, paragraph one, of the charging information for the purpose of entering this plea only."  *People v. Holmes* provides:  "If the trial court inquires of defense counsel regarding the factual basis [for a plea], it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury

3

transcript, or written plea agreement." (*People v. Holmes* (2004) 32 Cal.4th 432, 436.)[3]

The first paragraph of count 1 of the information, as stipulated to by appellant's counsel, states: "On or about July 2, 2009, in the County of Los Angeles, the crime of MURDER, in violation of PENAL CODE SECTION 187(a), a Felony, was committed by ANTHONY MANCERA and CHRISTOPHER ROBERT FALCON, who did unlawfully, and with malice aforethought murder SERGIO SANTIAGO, a human being." Nothing in this paragraph suggests appellant was being prosecuted under the natural and probable consequences doctrine or the felony murder rule; to the contrary it suggests he was being prosecuted as a principal. The information contains a firearm enhancement alleging that Mancera personally discharged a firearm resulting in death, which would make appellant an aider and abettor.

The trial court accordingly turned to the record of conviction for clarification concerning the prosecutor's theory of the case and the evidence against appellant. As we discuss in more detail below, while the trial court improperly considered evidence offered at Mancera's trial, the same evidence is found in appellant's preliminary hearing transcript. A witness testified at appellant's preliminary hearing that about five seconds after Mancera and appellant approached the victim and his

---

[3] There are many cases in California law entitled *People v. Holmes*. Appellant suggests his counsel was referring to *People v. Holmes* (1960) 54 Cal.2d 442, which stands for the proposition that a jury waiver must be expressed and not implied. In context, it is clear defense counsel was referring to this more recent and relevant case.

companion, appellant told Mancera to get his gun out. Mancera did so, and shot the victim. Appellant stated: "This is how we do it." At the preliminary hearing an expert on gang evidence also testified that the statement, "This is how we do it", was an affirmation that the shooting was a proper response to the victim's lack of respect.

Appellant's comments immediately before and after Mancera's shooting show that appellant encouraged Mancera to take out his gun during a planned confrontation with the victim, and then approved Mancera's fatal shooting of the victim. His statement was further illuminated by expert gang evidence. This would be ample evidence to convict appellant as a direct aider and abettor if he were tried after the amendments to section 188. (CALJIC 3.01 ["A person aids and abets the [commission] of a crime when he or she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) By act or advice aids, promotes, encourages or instigates the commission of the crime."].) Thus, the trial court did not err in finding appellant had failed to make a prima facie showing.

II. *Reliance on Transcripts of Co-defendant Mancera's Trial.*

Appellant contends the trial court erred in relying on the records of co-defendant Mancera's trial. We agree, but find the error harmless.

The trial court's order states: "Pursuant to Evidence Code section 452(d), the court takes judicial notice of the trial and appellate court records in this case." The trial court, however, referred almost exclusively to evidence, argument and jury instructions at Mancera's trial. The trial court summarized the

5

pertinent evidence at trial as follows: "The evidence at trial showed that, prompted by the defendant, co-defendant Mancera shot the victim at close range as part of a longstanding gang dispute with the victim, his ex-girlfriend's new boyfriend." Appellant was not a defendant or a witness at that trial, and the trial court should not have considered records of Mancera's trial or his subsequent appeal.

Appellant's and Mancera's joint preliminary hearing transcript was part of Mancera's record of conviction. But the transcript is also part of appellant's record of conviction and, as such, the trial court and this court may properly consider it. (*People v. Reed* (1996) 13 Cal.4th 217, 223.) As stated above, we agree with *People v. Lewis* and *People v. Cornelius* that a trial court may properly rely on the petitioner's record of conviction, including the preliminary hearing transcript. (See also *People v. Perez* (2020) 54 Cal.App.5th 896, 905–906 [court may rely on petitioner's preliminary hearing transcript in determining whether a prima facie case has been made].)

While it is not clear if the trial court in fact read the preliminary hearing transcript in Mancera's file, we see no reasonable possibility that the court would have reached a different conclusion based on the preliminary hearing evidence alone, given that the evidence in that transcript was virtually identical to the evidence at trial.

III.    *Denial of Counsel*

Appellant contends the trial court erred in summarily denying his resentencing petition without appointing counsel because he presented a prima facie case for relief. He contends he had a statutory right to counsel and a state and federal constitutional right to counsel as well. He argues that if there is

6

not a right to counsel in post-conviction proceedings, the due process clauses of the state and federal constitutions guarantee his right to assistance of counsel.  We do not agree.

When we interpret statutes, "giving effect to legislative purpose is the touchstone of our mission."  (*People v. Valencia* (2017) 3 Cal.5th 347, 409.)  "The text of the statute is integral to our understanding of the statute's purpose."  (*Ibid.*)  "We must take 'the language . . . as it was passed into law, and [we] must, if possible without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions.' "  (*Id.* at pp. 409–410.)

Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437.  "Senate Bill [No.] 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)"  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Section 1170.95, subdivision (c) provides, in plain language, that the court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  The statute thus contemplates an initial eligibility determination by the court.  Where the record of conviction precludes any reasonable factual dispute over defendant's ineligibility for relief, it would be a waste of judicial resources to require appointment of counsel and briefing.

Several courts have similarly interpreted the statutory language and have concluded that a defendant seeking resentencing is entitled to appointment of counsel *only after* demonstrating a prima facie case. (See, e.g., *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899–900, review granted Aug. 12, 2020, S263219; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328–332, review granted Mar. 18, 2020, S260493; *People v. Cornelius, supra,* 44 Cal.App.5th at p. 58, review granted Mar. 18, 2020, S260410; *People v. Lewis, supra,* 43 Cal.App.5th at pp. 1139–1140, review granted Mar. 18, 2020, S260598.) We adopt the persuasive analyses in these decisions.

Section 1170.95, subdivision (a) provides that *only* persons "convicted of felony murder or murder under a natural and probable consequences theory" may file a petition seeking resentencing. Appellant was not convicted on a theory of felony murder or under the natural and probable consequences doctrine. As we discuss, evidence at the preliminary hearing, which occurred before appellant entered his plea, shows that appellant directly aided and abetted co-defendant Mancera; there can be no doubt that was the prosecution's theory of the case. Thus, appellant is ineligible for relief as a matter of law. Accordingly, he was not entitled to appointment of counsel, which, we hold, is mandatory only after the court has determined that a prima facie showing has been or can be made.

Appellant also contends denial of appointment of counsel violates his federal and state constitutional rights. We are not persuaded. A sentence modification is not a criminal trial; it is an act of lenity. (See *Dillon v. United States* (2010) 560 U.S. 817, 826–828 [no Sixth Amendment right to a jury trial in statutory proceeding to modify a sentence because the statute constituted

8

an act of lenity].)  When a state need not provide a given right under the federal constitution, "it follows that the erroneous denial of that right does not implicate the federal Constitution." (*People v. Epps* (2001) 25 Cal.4th 19, 29.)  Here we find section 1170.95 is an act of lenity.  If the trial court acted erroneously in declining to appoint counsel, that error does not constitute a violation of appellant's constitutional rights.

## DISPOSITION

The order denying the resentencing petition is affirmed.

**CERTIFIED FOR PUBLICATION**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.